PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* CARMEN ACEVEDO, Defendant and Appellant.

No. 2508. Argued June 3, 1925.—Decided July 10, 1925.

1. ARMS—CARRYING ARMS—RAZOR.—Although a razor is not primarily an arm but an instrument, if it is improperly used it becomes an arm for offense and defense and its carrying is prohibited by law.

2. ID.—ID.—CONSTITUTIONAL LAW.—The word ''instrument'' used after the word ''arm'' in Act No. 14 of 1924 (p. 114) is not foreign to its title and does not render it unconstitutional.

District Court of Ponce, R. Díaz Cintrón, J. Judgment of conviction of carrying arms. *Affirmed.*

*Felipe Colón Díaz* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

As in the case of *People of Porto Rico* v. *Vadi,* decided to-day (*post,* page 441), the appellant attacks the constitutionality of Act. No. 14 of the 25th of June, 1924. A part of the objection of the appellant we have discussed in the

said case of *People* v. *Vadi.* The appellant, however, insists that while the word "arm" (*arma*) is perhaps a sufficient description of the prohibited weapon, the word "instrument" is not.

As indicated in our previous opinion, the word "instrument" must be understood to have been used more or less in the same sense as the word "arm." An instrument that may be used primarily for other purposes than those of offense and defense is not a prohibited weapon. It is not enough to fall within the sanction of the law that an instrument sometimes may be used for offense and defense, like a belt might be used. This we made clear in our opinion in the case of *People of Porto Rico* v. *Cruz-Rosado, ante,* page 305. An instrument must be something like an arm or weapon.

[1] The facts of this case are a good illustration. A razor is not primarily an "arm." It is, as appellant points out, an instrument, and its primary purpose is its use for shaving. Nevertheless, a razor, improperly used, is a weapon of offense and defense, and it was probably this kind of an article that the Legislature had in mind when it used the word "instrument" in addition to the word "arm."

[2] Appellant says that Act No. 14, *supra,* was made to include matters not in the title. In the argument, however, it is contended that the former law contained a complete definition of prohibited "arms," while the new law in addition mentioned "instruments." When it is understood that the word "instruments" must necessarily be used in the same general sense as "arms" we find no difficulty in holding that the title of the law sufficiently covers the acts prohibited.

We find no error in the weighing of the facts by the court below and the judgment appealed from must be affirmed.